IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Robert E. Blackburn**

Civil Case No.  15-cv-00102-REB-CBS

ROBERT CARY, LINDA CARY,

       Plaintiffs,

v.

US. BANK, N.A., as TRUSTEE, on BEHALF OF THE HOLDERS OF THE CREDIT
SUISSE FIRST BOSTON MORTGAGE SECURITIES CORP. HOME EQUITY PASS
THROUGH CERTIFICATES, SERIES 2007-1;
BARRETT, FRAPPIER & WEISSERMAN LLP,
PUBLIC TRUSTEE OF CUSTER COUNTY, COLORADO, in her official capacity,

       Defendants.

---

## ORDER DENYING MOTION FOR TEMPORARY RESTRAINING ORDER

---

**Blackburn, J.**

       This matter is before me on the **Emergency Motion for Temporary Restraining
Order and Preliminary Injunctive Relief** [#2][1] filed January 15, 2015.  The plaintiffs
seek an order restraining a public trustee sale scheduled to occur January 21, 2015.
On review of the complaint [#1], the exhibits attached to the complaint, the motion [#2]
for temporary restraining order and preliminary injunction, and the applicable law, I deny
the motion of the plaintiffs.

## I.  JURISDICTION

       I have jurisdiction over this case under 28 U.S.C. § 1331 (federal question) and
28 U.S.C. § 1367 (supplemental).

---

[1] "[#2]" is an example of the convention I use to identify the docket number assigned to a
specific paper by the court's case management and electronic case filing system (CM/ECF). I use this
convention throughout this order.

## II.  FACTUAL ALLEGATIONS

On December 30, 2014, a state court granted to defendant U.S. Bank an order authorizing a public trustee sale under Rule 120 of the Colorado Rules of Civil Procedure.  In essence, the public trustee sale is a substantial step in the effort of U.S. Bank to foreclose on the home owned by the plaintiffs.  The plaintiffs contend the Rule 120 order was sought and granted improperly because U.S. Bank and its attorneys did not provide credible evidence to show U.S. Bank had standing to seek relief under Rule 120.  The plaintiffs contend U.S. Bank does not have the authority to initiate foreclosure proceedings against the property of the plaintiffs because the Promissory Note, Deed of Trust, and Assignment on which U.S. Bank relied in the Rule 120 proceeding are fraudulent and spurious.  *Motion* [#2], pp. 1 - 2.

Attached to the complaint [#1] are multiple copies of these documents.  The plaintiffs provide what they say are certified copies of the documents provided by their title company.  *Complaint*, pp. 24 - 27.  The plaintiffs provide also copies of the documents provided to them in a 2013 foreclosure action, with two debt collection letters, and in a different civil action which is not detailed in the complaint.  Some of the document packets contain a document captioned "Corporate Assignment of Deed of Trust," which indicates that the relevant deed of trust was assigned to U.S. Bank National Association.  *See, e.g.,* CM/ECF p. 32.  The plaintiffs allege that there are differences between the certified copies provided by their title company and the copies relied on by U.S. Bank.  These differences, the plaintiffs contend, establish a *prima facie* case of fraud, create due process concerns, and raise serious constitutional questions.

*Complaint* [#1], p. 16.

The plaintiffs do not cite, either in their complaint [#1] or their motion [#2], any specific relevant differences in the various sets of documents.  Rather, they rely on their conclusory assertion that there are relevant differences.  The court has reviewed the sets of documents attached to the complaint [#1] and does not find any readily apparent differences which tend to show that U.S. Bank relied on invalid documents, or valid documents which do not show that U.S. Bank has standing in the Rule 120 proceeding. There are some readily apparent differences between and among the sets of documents provided by the plaintiffs.  Those readily apparent differences, however, appear to arise from processing and transfer of the rights reflected in the original documents.

### III.  STANDARD OF REVIEW

Because the plaintiffs are proceeding pro se, I have construed their motion and the related filings more liberally and held them to a less stringent standard than formal pleadings drafted by lawyers. ***See Erickson v. Pardus***, 551 U.S. 89, 94 (2007); ***Andrews v. Heaton***, 483 F.3d 1070, 1076 (10th Cir. 2007); ***Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991)  (citing ***Haines v. Kerner***, 404 U.S. 519, 520-21 (1972)).

A temporary restraining order or preliminary injunction is extraordinary relief.  A party seeking such relief must show: (1) a substantial likelihood that the movant will prevail eventually on the merits; (2) that the movant will suffer imminent and irreparable injury unless the injunction issues; (3) that the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party; (4)

that the injunction, if issued, would not be adverse to the public interest.  *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980); *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003) (irreparable injury must be imminent).  In addition to the foregoing factors, a party seeking a temporary restraining order also must demonstrate clearly, with specific factual allegations, that immediate and irreparable injury will result absent a temporary restraining order.  FED. R. CIV. P. 65(b).

## IV.  ANALYSIS

I find and conclude that the plaintiffs have not demonstrated a substantial likelihood that they eventually will prevail on the merits of one or more of their claims.  This is true because, even when construed liberally, the complaint [#1] and the motion [#2] do not allege specific facts which make it plausible that the plaintiffs can prove that U.S. Bank does not have standing to pursue relief under Rule 120 against the plaintiffs.

Fed. R. Civ. P. 8 and 12, as construed by the courts, provide the basic standards for pleading a claim.  A complaint must, at minimum, "'contain[ ] enough facts to state a claim to relief that is plausible on its face.'"  *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  "Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims."  *Id.* (emphases in original).[2]  "All well-pleaded facts, as

---

[2] *Twombly* rejected and supplanted the "no set of facts" language of *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).  The Tenth Circuit clarified the meaning of the "plausibility" standard:

4

distinguished from conclusory allegations, must be taken as true." ***Ruiz v. McDonnell***,

299 F.3d 1173, 1181 (10th Cir. 2002), ***cert. denied***, 538 U.S. 999 (2003).

Of course, no motion to dismiss has been filed in this case.  Still, I must consider

the allegations of the plaintiffs by the standards cited above to determine if they have

demonstrated a substantial likelihood that they eventually will prevail on the merits of

one or more of their claims.  In this case, as the first step in demonstrating a substantial

likelihood of success, the plaintiffs must point to one or more specific aspects of the

relevant documents to show that U.S. Bank does not have proper standing in the Rule

120 proceeding.  The plaintiffs cite no such specific facts.  Rather, without reliance on

specific facts, the plaintiffs claim in a conclusory fashion that the documents are

fraudulent and U.S. Bank did not have standing in the Rule 120 proceeding.  Such

vague generalities do not demonstrate a substantial likelihood of success on the merits.

Rather, they show only a claim readily subject to a motion to dismiss.  This is not to say

that the plaintiffs cannot allege and circumstantiate such specific facts.  Possibly, they

can do so.  At this point, however, the plaintiffs have provided only insufficient vague

---

"plausibility" in this context must refer to the scope of the allegations in a complaint:  if they are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs "have not nudged their claims across the line from conceivable to plausible."  The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief.

This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them.  "Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."

***Robbins v. Oklahoma***, 519 F.3d 1242, 1247-48 (10th Cir. 2008) (quoting ***Twombly***, 127 S.Ct. at 1974; internal citations and footnote omitted).

generalities.

When the moving party has established that the three harm factors tip decidedly in favor of the movant, the probability of success requirement is somewhat relaxed, and the movant need only show questions going to the merits so serious, substantial, difficult, and doubtful as to make them a fair ground for litigation. ***Nova Health Systems v. Edmondson***, 460 F.3d 1295, 1298 n. 6 (10th Cir. 2006).  Given the allegations and evidence currently in the record, the harm factors generally weigh in favor of the defendants.  The plaintiffs have not cited specific facts which show that the public trustee sale is improper.  If the sale is proper, as it appears to be on the current record, then an injunction stopping the sale would cause significant harm to the defendants and would provide the plaintiffs with an apparent windfall. Even if the harm factors weighed in favor of the plaintiffs, their conclusory and non-specific factual allegations do not show questions going to the merits so serious, substantial, difficult, and doubtful as to make those questions a fair ground for litigation.

I note also that the plaintiffs appear to seek an *ex parte* temporary restraining order.  There is no indication that the defendants have been served with a summons and complaint. Additionally, the plaintiffs filed this case and their motion just a few days before the scheduled public trustee sale.  This timing would make it essentially impossible for the defendants to be served with time to file a response in advance of the sale.

The plaintiffs have failed to comply with D.C.COLO.LCivR 65.1.  For *ex parte* applications, Local Rule 65.1(a) provides that a motion shall be accompanied by a certificate of counsel or a pro se party attesting that (1) actual notice of the time of filing

6

the motion, and copies of all pleadings and papers filed in the action to date or to be presented to the court at the hearing, have been furnished to the adverse party; or (2) the moving party has made efforts to give such notice and furnish such copies. "Except as provided by Fed. R. Civ. P. 65(b)(1), the court will not consider an ex parte motion for temporary restraining order." D.C.COLO. LCivR 65.1(a)(2). Although the court must liberally construe *pro se* filings, *pro se* status does not excuse the obligation of any litigant to comply with the same rules of procedure that govern other litigants. ***See Green v. Dorrell***, 969 F.2d 915, 917 (10th Cir. 1992); ***Nielsen v. Price***, 17 F.3d 1276, 1277 (10th Cir. 1994). Importantly, the court should not be the *pro se* litigant's advocate. ***See Hall v. Bellmon***, 935 F.2d 1106, 1110 (10th Cir. 1991).

Again in a conclusory fashion, and citing Fed. R. Civ. P. 65(a) and D.C.COLO. LCivR 7.1(a), the plaintiffs claim they gave notice to the adverse parties through a law firm. *Motion* [#2], p. 2. However, they do not specify that they gave the opposing parties actual notice of the time of filing the motion and copies of all pleadings and papers filed in the action to date. Further, there is no indication that the law firm cited represents the Public Trustee of Custer County, Colorado, a defendant named in the complaint [#1]. Should the plaintiffs file a subsequent motion for *ex parte* injunctive relief, they must comply with these requirements.

## V.  CONCLUSION & ORDER

The plaintiffs have not shown a substantial likelihood that they eventually will prevail on the merits of any one or more of their claims. Absent such a showing, consideration of the other factors relevant to a motion for temporary restraining order and preliminary injunction is obviated. Further, the plaintiffs have not complied with the

important procedural requirements of D.C.COLO.LCivR 65.1.  On both substantive and

procedural grounds, their motion for injunctive relief must be denied.

      **THEREFORE, IT IS ORDERED** that the **Emergency Motion for Temporary**

**Restraining Order and Preliminary Injunctive Relief** [#2] filed January 15, 2015, is

**DENIED**.

      Dated January 21, 2015, at Denver, Colorado.

                          **BY THE COURT:**

                          Robert E. Blackburn
                          United States District Judge